**UNITED STATES of America**

v.

**Margaret L. BERGES, Defendant.**

**Crim. No. 45633.**

United States District Court
E. D. New York.

Feb. 6, 1959.

518

---

Cornelius W. Wickersham, Jr., U. S. Atty., E. D. New York, Brooklyn, N. Y., for plaintiff. Francis W. Rhinow, Asst. U. S. Atty., Greenport, N. Y., of counsel.

Thomas L. Howe, Port Washington, N. Y., for defendant.

BRUCHHAUSEN, District Judge.

The trial of the defendant was had before the Court, a jury trial having been waived.

The information, consisting of two counts, alleged violations of Title 18 U. S.C. § 1711.

In Count 1, the defendant was charged with unlawful conversion to her own use on September 23, 1958, of the sum of $56 which came into her hands while employed as a clerk at a stamp window in the Port Washington, New York, Post Office.

In Count 2, she was charged with the failure to account for and to turn over a check for $56 to the Postmaster, pursuant to the Regulations and in violation of the statute.

In construing the offense, as charged in Count 1, it was held in the case of United States v. Friend, D.C., 95 F.Supp. 580, that the use of the money constitutes the crime. It is not disputed that she took the money and substituted therefor her personal check for $56, dated September 23, 1958, drawn to cash and unindorsed.

The defense is that she needed the money to pay for a rug, delivered to her C.O.D. and believed that she had a sufficient balance in the bank to cover the check. The defense has no merit. In the Friend case, supra, the Court also ruled that intention to return the money is not material in the determination of guilt or innocence.

While her belief that the check would be converted into cash does not exculpate her, the evidence in this connection warrants comment. For several months preceding the taking, she was heavily in debt. Her account in the bank was small. During that time she had overdrawn. On the subject date, the balance was $3.43. She admitted that she was cognizant of the approximate balance, thus leaving no basis for her claimed belief that the check would clear the bank.

It should also be noted that in an affidavit sworn to September 25, 1958, she stated that the rug was delivered at her home whereas at the trial she testified the delivery was made at the Post Office.

The defendant, in the service six years, makes no claim of unfamiliarity with the Postal Regulations. Sections 321.2 and 441.2(c) thereof, in substance, provide that the fund intrusted to the employee must be produced in stamp stock or funds when called for by the proper authority; that commercial bank checks shall not be accepted without the Postmaster's guarantee of the indorsement, and that postal funds shall not be used to cash personal checks of employees. Inasmuch as the check was duly turned over to the Postal Authorities, the offense charged in Count 2 has not been established.

I find the defendant guilty as charged on Count 1 and I find the defendant not guilty as charged on Count 2.